UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMBU SISSE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 18-cv-12356-WGY |
| | * |
| ANTONE MONIZ, Superintendent, | * |
| Plymouth County Correctional Facility, | * |
| | * |
| Respondent. | |

ORDER

November 14, 2018

YOUNG, D.J.

On November 11, 2018, petitioner Sambu Sisse, through counsel, filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1]. Petitioner,[1] an immigration detainee confined at the Plymouth County Correctional Facility ("PCCF"), seeks orders (1) prohibiting Petitioner's transfer from the District of Massachusetts pending resolution of this action; (2) for release from detention or a detention hearing; and (3) prohibiting Petitioner's removal until his Motion to Reopen pending before the Board of Immigration Appeals is decided and all appeals are exhausted. Petitioner names as respondents PCCF Superintendent Antone Moniz, Plymouth County Sheriff Josephy McDonald, Jr., Secretary of Homeland Security Kirstjen Nielson, and two Immigration and Customs Enforcement officers.

Upon review of the petition, the court hereby orders:

---

[1] Throughout the first half of the petition, the designation "Respondent" is repeatedly used where it is clear that the pleading is referring to Petitioner. See, e.g., Pet. at 3, ¶ 1 ("Respondent is a native and citizen of Guinea-Bissau."). Because Petitioner's meaning is unquestionable, the court overlooks these errors and does not require Petitioner to amend the petition.

1. PCCF Superintendent Antone Moniz shall be the sole respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same, as applied to immigration detainee). The other named respondents shall be terminated as parties to this action.

2. The clerk shall serve a copy of the petition upon (i) Superintendent Moniz; and (ii) the United States Attorney for the District of Massachusetts.

3. Respondent shall, no later than Wednesday, November 28, 2018, show good cause why the petition should not be granted.

4. In order to give the court time to consider the matter, unless otherwise ordered by the court, the petitioner shall not be moved outside the District of Massachusetts without providing the court 48 hours' advance notice of the move and the reason therefor. Any such 48-hour notice period shall commence at the date and time such notice is filed and expire 48 hours later, except "[i]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

**SO ORDERED.**

/s/ William H. Young
William G. Young
United States District Judge

Dated: Nov. 14, 2018