UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                             )
SAMBU SISSE,                 )
                Petitioner,  )
                             )
        v.                   )        CIVIL ACTION
                             )        NO. 18-12356-WGY
ANTONE MONIZ,                )
Superintendent, Plymouth     )
County House of Corrections, )
                             )
                Respondent.  )
                             )
```

YOUNG, D.J.                                      July 1, 2019

**ORDER**

On November 11, 2018, Sambu Sisse ("Sisse") filed a
petition for writs of habeas corpus and mandamus.  Pet. Writ
Habeas Corpus Pursuant 28 U.S.C. § 2241 & Pet. Writ Mandamus
Pursuant 28 U.S.C. § 1361 ("Pet."), ECF No. 1.  Sisse asked this
Court for orders: (1) prohibiting immigration authorities from
removing him from the District of Massachusetts until the Court
has resolved the petition; (2) releasing him from detention
immediately or requiring a bond hearing; and (3) forbidding
immigration authorities from removing him until he has received
review of a motion to reopen that he filed in the immigration
court system and exhausted his appeals.  Id. at 15.

The petition named as respondents Kirstjen Nielsen, then-
Secretary of the Department of Homeland Security; Ronald D.

Vitiello, then-Acting Director of Immigration and Customs Enforcement; Todd Lyons, then-Boston Field Office Director of Immigration and Customs Enforcement; Antone Moniz ("Moniz"), Superintendent, Plymouth County House of Corrections; and Joseph D. McDonald, Jr., Sheriff of Plymouth County. Id. at 1. This Court ordered Moniz served as the sole respondent and terminated the other parties from the action on November 14, 2018. Order ¶¶ 1-2, ECF No. 4.

On November 28, 2018, Moniz moved to dismiss Sisse's original petition. Resp't's Mot. Dismiss Pet. Writ Habeas Corpus, ECF No. 7. On December 3, 2018, Sisse responded to Moniz's motion with an amended petition. Emergency First Am. Compl. Inj. & Decl. Relief/Emergency Mot. Amend Habeas Pet. Include Counts Inj./Decl. Relief ("Am. Pet."), ECF No. 10.[1] That same day, Sisse moved for a temporary restraining order and preliminary injunction to prevent his removal until the immigration courts have adjudicated his immigration case and to

---

[1] The Court granted Sisse's motion to amend his petition at the motion hearing on June 13, 2019. In any event, Sisse did not need to so move. See Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ."). The Court ordered Moniz served on November 14, 2018, ECF Nos. 4, 5. Therefore, Sisse had until December 5, 2018 to amend his petition without a motion. Because he amended the petition on December 3, 2018, his amendment was timely.

release him from detention in the meantime.   Mot. TRO 2, ECF No.
11; Mot. Prelim. Inj. 2-3, ECF No. 12.

On December 4, 2018, this Court transferred Sisse's case to
the First Circuit because it determined that subject matter
jurisdiction existed only in that court, ECF Nos. 13, 14.   On
January 10, 2019, the Board of Immigration Appeals declined to
reopen Sisse's removal proceedings.   Resp't's Opp'n Pet'r's
Mots. Inj. & Emergency Relief ("Opp'n"), Ex. 1, In re Sambu
Sisse 4, ECF No. 26-1.   The First Circuit ruled on April 29,
2019 that it lacked jurisdiction over Sisse's case and remanded
it back to this Court to analyze its own jurisdiction and
resolve the case.   Judgment 1, ECF No. 16.

On June 11, 2019, Moniz opposed Sisse's motions for
injunctive relief.   Opp'n, ECF No. 26.   Sisse replied on June 12
and raised, for the first time, the possibility that he might
fall into a class certified in another session of this Court and
requested a stay of removal pending an I-485 application.   See
Pet'r's Resp. Gov't's Opp'n 1, 5, ECF No. 27.   The Court heard
argument on the pending motions on June 13, 2019 and took them
under advisement.   Electronic Clerk's Notes, ECF No. 28.   At the
hearing, the Court orally granted Sisse's motion to amend his
petition.[2]

---

[2] The Court granted the motion to amend with respect to
Moniz only.   The Court did not order the petition served on the

After careful consideration, the Court concludes that the claims that Sisse presents in his amended petition are moot. See Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001) ("[A] case is moot when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome -- a case or controversy ceases to exist, and dismissal of the action is compulsory."); see also Manguriu v. Lynch, 794 F.3d 119, 121 (1st Cir. 2015) (ruling that a court may take notice of agency decisions to analyze mootness).[3]

---

other respondents identified in the original petition or David L. Neal, the Chairman of the Board of Immigration Appeals, whom the amended petition substituted for Kirstjen Nielsen.  Compare Am. Pet. 1 with Pet.

[3] Sisse asserts that this Court has subject matter jurisdiction pursuant to Congress's general grant of federal question jurisdiction and the Administrative Procedure Act.  See Am. Pet. 6 (citing 28 U.S.C. § 1331); Pet'r's Resp. Gov't's Opp'n 5 (citing 5 U.S.C. § 706).  Though the Court has no opportunity to decide whether these statutes would have provided it with authority to adjudicate Sisse's petition, the Court doubts that it could review a petitioner's claims about the immigration decision-making involved here under the Administrative Procedures Act.  See 5 U.S.C. § 701.  Section 701 of chapter 5 of the United States Code provides that sections 702 and 706's right of judicial review of agency decisions does not apply where "agency action is committed to agency discretion by law."  See 5 U.S.C. §§ 701, 702, 706.  Section 1252(a)(2)(B)(ii) of chapter 8 of the United States Code strips courts of jurisdiction to review certain discretionary immigration decisions the Attorney General and the Secretary of Homeland Security make under that subchapter.  See Bernardo ex rel. M&K Eng'g, Inc. v. Johnson, 814 F.3d 481, 483-84 (1st Cir. 2016) (quoting 5 U.S.C. § 701(a)(1)).  Since adjustment of status decisions fall into that category, see id., section 1252(a)(2)(B)(ii) shields the Attorney General from judicial review here.

Sisse filed his habeas corpus petition in order to facilitate the Board of Immigration Appeals' review of his motion to reopen his removal order.  Am. Pet. 13.  According to Sisse, if the Board of Immigration Appeals agreed to reopen his case, he would become eligible for adjustment of status.  Id. at 13-14.  Yet the Board of Immigration Appeals has already considered Sisse's motion to reopen and rejected it.  Opp'n, Ex. 1, In re Sambu Sisse 4.  As a result, Sisse can no longer seek an adjustment of status.  Cf. Am. Pet. 3 (citing 8 U.S.C. § 1255(a) (requiring admissibility to adjust immigration status)); see also 8 U.S.C. § 1182(a)(9)(B)(ii)(I) (rendering inadmissible immigrants, such as Sisse, who have "been unlawfully present in the United States for one year or more, and who again seek[] admission within 10 years of the date of such alien's departure or removal from the United States").

Sisse has now received exactly what his amended petition requested:  the complete adjudication of his immigration claims in the immigration system.  The Court can do no more with the claims in his amended petition.[4]

---

[4] Nowhere in the amended petition or the original petition did Sisse ask for relief based on an I-485 application.  Compare Am. Pet. with Pet.  In any event, United States Citizenship and Immigration Services denied Sisse's application on April 16, 2019, and Sisse may not appeal that decision.  See Resp't's Notice Suppl. Authority Opp'n Pet'r's Mots. Inj. & Emergency Relief, Ex. 1, Notice Decision 2, ECF No. 29-1.

Therefore, the Court DENIES Sisse's motions for injunctive relief, ECF Nos. 11, 12, and GRANTS Moniz's motion to dismiss his petition, ECF No. 7.   Further, the Court denies Sisse's requests for release now that his removal is "reasonably foreseeable."   See Santos v. Cissna, Civ. A. No. 18-12232-WGY, 2019 WL 1745187, at *2 (D. Mass. Apr. 18, 2019) (quoting Zadvydas v. Davis, 533 U.S. 678, 688, 701 (2001)).

Nevertheless, the Court stays entry of judgment in this case and orders that Sisse not be removed for thirty days so that he may seek inclusion in a class certified per Order ¶ 2, Calderon Jimenez v. McAleenan, Civ. A. No. 18-10225 (May 17, 2019) (Wolf, J.), ECF No. 253.

**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE